UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN GEWEKE and TAMARA GEWEKE,<br><br>                            Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A., *as trustee for* CITIGROUP MORTGAGE LOAN TRUST 2007-AMC1; CITIGROUP MORTGAGE LOAN TRUST 2007-AMC1; and COUNTRYWIDE HOME LOANS, INC.,<br><br>                            Defendants. | Civil No. 09-1890 (JRT/LIB)<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE DATED JUNE 6, 2011** |

Jane N. Bowman and Kari Annette Rudd, **HOUSING PRESERVATION PROJECT, INC.**, 570 Asbury Street, Suite 105, St. Paul, MN 55104; Charles S. Zimmerman, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Daniel E. Gustafson, Daniel C. Hedlund, and David A. Goodwin, **GUSTAFSON GLUEK PLLC**, 608 2nd Avenue South, Suite 650, Minneapolis, MN 55402; Hart L. Robinovitch, **ZIMMERMAN REED, PLLP**, 14646 North Kierland Boulevard, Suite 145, Scottsdale, AZ 85254; Marisa C. Katz, Vildan A. Teske, and William H. Crowder, **CROWDER TESKE, PLLP**, 222 South Ninth Street, Suite 3210, Minneapolis, MN 55402, for plaintiffs.

Jared M. Goerlitz and Steven H. Bruns, **PETERSON, FRAM & BERGMAN, PA**, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, for defendants.

Plaintiffs Steven and Tamara Geweke ("the Gewekes") filed this action against Defendants U.S. Bank, N.A., as trustee for CitiGroup Mortgage Loan Trust 2007-AMCI; CitiGroup Mortgage Loan Trust 2007-AMCI; and Countrywide Home Loans, Inc.

("Defendants"). Minnesota's foreclosure by advertisement statute requires that all assignments of mortgages are recorded before foreclosure proceedings may be initiated. Minn. Stat. § 580.02(3). The Gewekes seek declaratory relief based on Defendants' alleged violations of this requirement, including a declaration that Defendants failed to record all assignments of their mortgage, a declaration that an assignment of their mortgage dated August 11, 2008 is invalid, and an order to avoid a pending foreclosure by advertisement on their home. The Gewekes also bring claims against Defendants for breach of contract, slander of title, and violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and the Minnesota Mortgage Servicing Act, Minnesota Statute § 47.205. On September 29, 2010, Defendants filed a motion to dismiss the Gewekes' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On June 6, 2011, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court deny Defendants' motion to dismiss. (R&R, Docket No. 106.) Having conducted a *de novo* review of those portions of the R&R to which Defendants object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court overrules Defendants' objections and adopts the R&R in its entirety.[1]

---

[1] On September 7, 2011, the Gewekes filed a Third Amended Class Action Complaint. (Docket No. 123.) This Order addresses the Second Amended Complaint, which was the subject of the R&R.

## BACKGROUND[2]

The Gewekes obtained two refinance loans from Argent Mortgage Company ("Argent") in 2005 and 2006. (Second Am. Compl. ¶¶ 9, 11, Docket No. 74.) These loans were secured by a mortgage against the Gewekes' home in St. Cloud, Minnesota. (*Id.*) A foreclosure notice was published in the newspaper stating that, on August 11, 2008, Argent assigned the Gewekes' mortgage to U.S. Bank, N.A. ("U.S. Bank"), as trustee for Citigroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1. (*Id.* ¶ 15.)

According to the Gewekes, "Citigroup Mortgage Loan Trust, Inc. Asset-backed Pass-Through Certificates Series 2007-AMC1" ("Citigroup Trust 1") is not the name of an actual legal entity. (*Id.* ¶¶ 18-19, 22.) The Gewekes claim that CitiGroup Trust 1 is, in fact, a conflation of two distinct legal entities: CitiGroup Mortgage Loan Trust, Inc. ("CitiGroup Trust 2"), a Delaware corporation, and CitiGroup Mortgage Loan Trust 2007-AMC1 ("CitiGroup Trust 3"), a trust. (*Id.* ¶¶ 23-25.)

CitiGroup Trust 2 deposits assets into CitiGroup Trust 3 pursuant to a Pooling and Servicing Agreement ("PSA"). (*Id.* ¶ 25.) Citigroup Trust 3 holds a pool of securitized mortgage assets. (*Id.* ¶¶ 25-26.) The Gewekes assert that the "closing date" for mortgage loans to be conveyed or assigned to CitiGroup Trust 3 was March 9, 2007, pursuant to the PSA. (*Id.* ¶ 31.)

The Gewekes claim that the alleged August 11, 2008 assignment from Argent to U.S. Bank, as trustee,[3] did not actually occur and is a sham. According to the Gewekes,

---

[2] The R&R contains a more detailed factual background. (R&R at 1-3.)

the alleged assignment could not have taken place on August 11, 2008 because it was a year and a half past the PSA's March 9, 2007 "closing date" for mortgage loans to be conveyed or assigned to CitiGroup Trust 3.  (*See id.*)  Further, the Gewekes claim that Argent had no interest in their mortgage loan to assign on August 11, 2008.  (*Id.* ¶ 18.)  In fact, the Gewekes contend that there were two or more unrecorded assignments related to their mortgage loan.  (*Id.* ¶ 63.)  As support, the Gewekes produced Defendants' loan file, which states that the owner of the Geweke mortgage loan prior to CitiGroup Trust 3 was CitiGroup Global, not Argent.  (*Id.* ¶ 83 (citing *id.*, Ex. B, May 7, 2009).)  The Gewekes also produced a document from September 11, 2006 that purports to be an assignment of their mortgage, assigning it from Argent to "blank."  (*Id.*, Ex. C, Sept. 11, 2006.)  According to the Gewekes, this 2006 document proves that Argent ceased having any interest in the Geweke mortgage on September 11, 2006.  (*Id.* ¶ 86.)

Defendants suggest a set of facts different from those alleged in the Complaint, which are the basis for many of their objections to the R&R.  Defendants assert that U.S. Bank, as trustee, took possession of the Gewekes' promissory note and had an equitable interest in the Geweke property before the PSA's March 9, 2007 deadline.[4]  Then, according to Defendants, U.S. Bank, as trustee, took possession of the Geweke mortgage and obtained legal title to the property on August 11, 2008.  According to Defendants,

---

[3] When U.S. Bank allegedly obtained the Gewekes' mortgage and note, it served as trustee either for CitiGroup Trust 1 or CitiGroup Trust 3.  For the purposes of this motion, the Court will refer generally to "U.S. Bank, as trustee."

[4] The Magistrate Judge noted that "Defendants appear to have backed away from this argument at oral argument . . . ."  (R&R at 11.)  For the purposes of this motion, the Court will assume that Defendants are, in fact, asserting this set of facts.

this chain of events was consistent with the requirements of the PSA and did not violate Minnesota's foreclosure by advertisement statute.

## ANALYSIS

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted). At the motion to dismiss stage, the record for review before the Court is generally limited to the complaint, some matters that are part of the public record, and any documents attached as exhibits that are necessarily embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Before discussing Defendants' specific objections to the R&R regarding their motion to dismiss, the Court will address a Minnesota Supreme Court case that underlies many of Defendants' objections.  *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487 (Minn. 2009).  In *Jackson*, the Minnesota Supreme Court discussed the difference between a promissory note (debt obligation) and an underlying security instrument (interest in the property).  *Id.* at 493-94.  The Supreme Court held that only assignments of the **security instrument** – not the **note** – need be recorded prior to foreclosure by advertisement, and that the term "mortgage" refers only to the security instrument.  *Id.* at 496 (citing Minn. Stat. §§ 580.02, .04).

The Supreme Court arrived at this ruling even though "an assignment of the promissory note operates as an **equitable** assignment of the underlying security instrument."  *Id.* at 497 (emphasis added).  When a note is assigned, the party receiving the note obtains "a beneficial interest in property" that "gives the holder the right to acquire formal legal title."  *Id.* (quoting Black's Law Dictionary 1523).  However, this **equitable** title does not automatically include **legal** or **record** title[5] to a property, which may remain with the party who keeps the security instrument in his name.  *Id.* at 499.  When a party obtains equitable but not legal title to a security instrument, there is no obligation for the party to record their equitable title prior to a foreclosure by advertisement.  *Id.* at 500-01.

---

[5] "Legal title . . . is a title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest . . . [R]ecord title refers to a title as it appears in the public records after the deed is properly recorded."  *Id.* (internal quotations omitted).

## I.     ACTUAL ASSIGNMENT ALLEGATIONS

### A.     Specificity

The Magistrate Judge concluded the Gewekes sufficiently alleged that Defendants violated Minnesota's foreclosure by advertisement statute by failing to record actual assignments related to their mortgage loan.  (R&R at 6-12; *see also* Second Am. Compl. ¶ 63; Minn. Stat. § 580.02(3).)  Defendants object that the Gewekes fail to state a claim for relief because the Complaint does not specify whether the alleged unrecorded assignments were "actual" or "equitable" and, under *Jackson*, this distinction is crucial to identifying a violation of Minnesota's foreclosure by advertisement statute.  The Court overrules this objection and adopts the Magistrate Judge's recommendation.

As explained above, Defendants have set forth an alternative set of facts from those that the Gewekes include in their Complaint.  Essentially, Defendants claim that this action presents nearly identical facts to *Jackson*, wherein the note and the security instrument were assigned separately and the assignment of the note did not need to be recorded.

While this alternative set of facts may provide Defendants with a defense to the instant action, nowhere does the Complaint suggest that this set of facts occurred. Rather, it is clear throughout the Complaint that the Gewekes allege that actual unrecorded assignments occurred in violation of Minnesota's foreclosure by advertisement statute.  The Gewekes allege a violation of Minnesota Statute § 580.02(3) because "no foreclosure by advertisement may be commenced without first recording the

**mortgage** . . . ." (*Id.* ¶ 64 (emphasis added).) This allegation clearly asserts that the mortgage or security instrument was assigned but not recorded. Further, the Gewekes allege that "Argent did not have any interest to assign on August 11, 2008" and "Argent ceased having any interest in the property on September 11, 2006." (Second Am. Compl. ¶¶ 57, 86.) If Argent had retained the underlying security instrument until August 11, 2008, then Argent would also have retained an interest in the property until that time. Instead, the Gewekes allege that the security instrument was assigned prior to that date. The Gewekes sufficiently allege that Defendants failed to record actual assignments, thus stating a claim for declaratory relief based on Minnesota's foreclosure by advertisement statute.

### B. Sufficiency of Facts

The Magistrate Judge concluded that the Gewekes created a fact question as to whether an unrecorded assignment occurred on September 11, 2006 that violated Minnesota's foreclosure by advertisement statute. (R&R at 15.) The Gewekes produced a document dated September 11, 2006 that purports to be an assignment of their mortgage, assigning the loan from Argent to "blank." (Second Am. Compl., Ex. C.) Defendants argue that the alleged 2006 assignment is void because it was not recorded and does not satisfy the statute of frauds. The Court overrules Defendants' objections to this recommendation.

Defendants argue that the alleged September 11, 2006 assignment is void under the Minnesota Recording Act because it was not recorded and did not give notice of its

existence to subsequent purchasers. *See* Minn. Stat. § 507.34. However, the Minnesota Recording Act only protects those "without actual, implied, or constructive notice of inconsistent outstanding rights of others." *Peterson-Price v. U.S. Bank Nat'l Ass'n*, 2010 WL 1782188, at *9 (D. Minn. May 4, 2010) (citing *Anderson v. Graham Inv. Co.*, 263 N.W.2d 382, 384 (Minn. 1978)). As the Magistrate Judge correctly noted, the Gewekes have provided facts to suggest that Defendants knew about the September 11, 2006 assignment, in which case the blank assignment would not be void. (*See* R&R at 15.) Whether Defendants had actual notice is a factual issue that the Court cannot resolve at this stage in the litigation.

Defendants further argue that the September 11, 2006 assignment does not meet the statute of frauds. The Court agrees with the Magistrate Judge that this issue was not properly raised in Defendants' motion to dismiss, and that it is better resolved at trial or a motion for summary judgment. (*See id.* at 15 n.11 (citing D. Minn. L.R. 7.1(b)(3)).)

Defendants also object to the Magistrate Judge's report and recommendation because, according to Defendants, the terms of the PSA do not satisfy the Statute of Frauds and cannot constitute an actual assignment of a mortgage. The Court agrees with the Magistrate Judge that this issue was not properly raised in Defendants' motion to dismiss. (*See id.* at 15 n.11, 16 (citing D. Minn. L.R. 7.1(b)(3).) Further, the Gewekes have produced evidence that their mortgage was assigned but not recorded, such as statements in Defendants' own loan file that the prior owner of the mortgage was not Argent but CitiGroup Global. (*See* Second Am. Compl., Ex. B.) The Court will not

dismiss the Gewekes' claims for declaratory relief, as the Gewekes sufficiently allege plausible violations of Minnesota's foreclosure by advertisement statute.

## II.   PSA ALLEGATIONS

The Magistrate Judge concluded that none of the Gewekes' claims rest on whether the alleged August 11, 2008 assignment violated the terms of the PSA.  (R&R at 21 n.14.)  Defendants request that the Court find that the R&R "erred in not recognizing and dismissing Plaintiffs' abandoned theory [that] the Assignment of Mortgage from Argent Mortgage Company, LLC to US Bank, [as trustee,] was invalid and void under the terms of the applicable [PSA] and grant a partial dismissal of that claim."  (Objection to R&R, June 20, 2011, at 2, Docket No. 109.)  The Court first notes that the "claim" that Defendants want dismissed is not entirely clear.  It appears Defendants ask the Court to dismiss, at least in part, Counts II and V of Plaintiffs' Second Amended Complaint.  (*See* Second Am. Compl. ¶¶ 10-11, 14-16.)[6]

While the Court agrees with the Magistrate Judge that the Gewekes' legal claims may not rest on whether the August 11, 2008 assignment violated the PSA, to the extent that they do, these claims have not been waived.  The Gewekes' complaint explicitly alleges that the purported August 11, 2008 assignment violated the terms of PSA.  (*Id.* ¶ 31.)  The Gewekes further discussed this allegation in their response to Defendants'

---

[6] Counts II and V request a declaration from the Court that the August 11, 2008 assignment from Argent is void, and bring a slander of title claim based on this allegedly false assignment.

motion. (Pls.' Resp. to Mot. to Dismiss, at 12-14, Nov. 23, 2010, Docket No. 80.) Thus, the Gewekes have not abandoned their allegations regarding the terms of the PSA.

Defendants further claim that the Magistrate Judge failed to address their arguments about the PSA's requirements. Specifically, Defendants assert that the August 11, 2008 assignment of the Geweke mortgage was not too late to comply with the PSA's 2007 deadline because it only assigned the security instrument and not the note.[7] This assertion, like most Defendants' arguments regarding Plaintiffs' claims, focuses on the parties' factual dispute regarding when and how the Gewekes' mortgage was assigned. As the Magistrate Judge rightly concluded, the parties' factual disputes about assignments do not warrant the dismissal of this action and are more appropriately considered in the context of a summary judgment motion. (*See* R&R at 5-6.)

## III. SLANDER OF TITLE

The Magistrate Judge declined to dismiss the Gewekes' claim that Defendants are liable for slander of title. (*Id.* at 25.) As a basis for this claim, the Gewekes assert that Defendants created a false chain of title through the fraudulent assignment of their mortgage loan. (Second Am. Compl. ¶ 77.) Defendants argue that this claim should be dismissed because the Gewekes have not properly pled that actual unrecorded assignments of their mortgage occurred. As explained above, the Gewekes allege

---

[7] The Gewekes allege that the PSA did not contemplate separate assignments of the note and the security instrument. (*E.g.*, PSA, Section 4(a), at 258 ("The Seller does hereby sell, transfer, assign, set over and convey to the Purchaser, without recourse but subject to the terms of this Agreement, **all of its right, title and interest in, to and under the Mortgage Loans**.") (emphasis added).)

sufficient facts to support that unrecorded assignments took place.  Accordingly, the Court adopts the Magistrate Judge's recommendation that the Gewekes' slander of title claim not be dismissed.  (*See* R&R at 25.)

## IV.    BREACH OF CONTRACT

The Magistrate Judge concluded that the Gewekes alleged sufficient facts to support a breach of contract claim.  (R&R at 22-23.)  The Gewekes assert that their mortgage and note constituted a contract, and that Defendants breached that contract by charging them attorneys' fees, property inspection fees, and valuation fees that were not bona fide and reasonable.  (Second Am. Compl. ¶¶ 66-73.)  To support their allegations, the Gewekes produced a copy of their detailed loan history, which they contend identifies improper billing activity.  (*Id.*, Ex. B; Pls.' Resp. to Mot. to Dismiss, Ex. B, May 7, 2009.)  Defendants assert that the Gewekes' breach of contract allegations are mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" that warrant dismissal.  *See Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Because the Gewekes have raised breach of contract allegations in the Complaint that are supported by information in the record, the Court agrees with the Magistrate Judge that the Gewekes alleged enough facts to "raise a right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555.  Accordingly, the Court adopts the Magistrate Judge's recommendation that the Gewekes' breach of contract claim not be dismissed.  (R&R at 23.)

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** Defendants' objections [Docket No. 109] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 6, 2011 [Docket No. 106]. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 75] is **DENIED**.

DATED: September 29, 2011
at Minneapolis, Minnesota.

                                                                         s/ John R. Tunheim
                                                                          JOHN R. TUNHEIM
                                                                    United States District Judge